UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Derek Bros,<br><br>    Plaintiff<br><br>v.<br><br>Aargon Agency, Inc.,<br><br>    Defendant | 2:15-cv-02326-JAD-NJK<br><br>**Order Denying Motion to Strike First Amended Complaint**<br><br>[ECF 10] |

Aargon Agency, Inc. moves under FRCP 12(f) and 15(a)(2) for me to strike Derek Bros's first amended complaint arguing that, once 20 days passed from the time of service of Bros's original complaint, Bros could amend that pleading only with Aargon's written consent or leave of court.[1]  Bros responds that FRCP 15(a)(1)(B) is the correct rule to apply and it provides that "[a] party may amend its pleading once as a matter of course[,] . . . if the pleading is one to which a responsive pleading is required, [within] 21 days after service of a responsive pleading. . . ."

Bros is correct that FRCP 15(a)(1)(B) applies on these facts, not FRCP 12(a)(2).  Bros filed his original complaint on December 8, 2015.[2]  A complaint is a pleading to which a responsive pleading is required.[3]  Aargon filed and served its responsive pleading on Bros's counsel via U.S. mail on December 29, 2015.[4]  Under FRCP 15(a)(1)(B) and 6(d),[5] Bros had until January 22, 2016, to amend his pleading once as a matter of course without Aargon's

---

[1] ECF 10 at 2.

[2] ECF 1.

[3] *See* FED. R. CIV. P. 8(b)–(d).

[4] ECF 6 at 8.

[5] FRCP 6(d) states, "[w]hen a party may or must act within a specified time after service and service is made under Rule 5(b)(2)(C), . . . three days are added after the period would otherwise expire under Rule 6(a)."

consent or leave of court. Bros did that when he filed his first amended complaint on January 12, 2016.[6]

Accordingly, IT IS HEREBY ORDERED that Aargon's motion to strike the first amended complaint **[ECF 10]** is **DENIED**.

Dated: February 1, 2016

_____
Jennifer A. Dorsey
United States District Judge

---

[6] ECF 9.