UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DEREK BROS, | Case No. 2:15-cv-02326-JAD-NJK |
| Plaintiff(s), | |
| vs. | ORDER DENYING MOTION TO COMPEL |
| AARGON AGENCY, INC., | (Docket No. 28) |
| Defendant(s). | |

Pending before the Court is Plaintiff's motion to compel. Docket No. 28. For the reasons discussed more fully below, the motion is hereby **DENIED** without prejudice.

"Discovery is supposed to proceed with minimal involvement of the Court." *F.D.I.C. v. Butcher*, 116 F.R.D. 196, 203 (E.D. Tenn. 1986). Counsel should strive to be cooperative, practical and sensible, and should seek judicial intervention "only in extraordinary situations that implicate truly significant interests." *In re Convergent Techs. Securities Litig.*, 108 F.R.D. 328, 331 (N.D. Cal. 1985). A threshold issue in the review of any motion to compel is whether the movant made adequate efforts to resolve the dispute without court intervention. *Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1145 (D. Nev. 2015). Federal Rule of Civil Procedure 37(a)(1) requires that the party bringing a motion to compel discovery must "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." The Local Rules further expound on this requirement, providing that discovery motions will not e considered "unless the movant (1) has made a good faith effort to meet and confer . . . before

filing the motion, and (2) includes a declaration setting forth the details and results of the meet-and-confer conference about each disputed discovery request." Local Rule 26-7(c).

Judges in this District have held that "personal consultation" means the movant must "personally engage in two-way communication with the nonresponding party to meaningfully discuss each contested discovery dispute in a genuine effort to avoid judicial intervention." *ShuffleMaster, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, 171 (D. Nev. 1996). The consultation obligation "promote[s] a frank exchange between counsel to resolve issues by agreement or to at least narrow and focus matters in controversy before judicial resolution is sought." *Nevada Power v. Monsanto*, 151 F.R.D. 118, 120 (D.Nev.1993). To meet this obligation, parties must "treat the informal negotiation process as a substitute for, and not simply a formalistic prerequisite to, judicial resolution of discovery disputes." *Id*. This is done when the parties "present to each other the merits of their respective positions with the same candor, specificity, and support during the informal negotiations as during the briefing of discovery motions." *Id*. To ensure that parties comply with these requirements, movants must file certifications that "accurately and specifically convey to the court who, where, how, and when the respective parties attempted to personally resolve the discovery dispute." *ShuffleMaster*, 170 F.R.D. at 170.[1] Courts may look beyond the certification made to determine whether a sufficient meet-and-confer actually took place. *See, e.g.*, *Cardoza*, 141 F. Supp. 3d at 1145.

The parties dispute whether a proper meet and confer was conducted with respect to the pending disputes. The motion to compel seeks resolution of disputes related to 15 different discovery requests. *See, e.g.*, Docket No. 28 at 3 (identifying discovery requests in dispute). Plaintiff's counsel filed a "certification" indicating in general terms that all discovery disputes were discussed in a telephonic conference with opposing counsel. Docket No. 29 at ¶ 29. In the opposition brief, Defendant's counsel disputes that contention and represents that only one of the 15 disputed discovery requests were discussed during that telephone call. Docket No. 32 at 3. Plaintiff's counsel responds in the reply by stating that Defendant's counsel's representations are "inaccurate" and "false statements." Docket No.

---

[1] These requirements are now largely codified in the Court's newly effective local rules. *See* Local Rule 26-7(c), Local Rule IA 1-3(f).

1  34 at 4. In short, the Court has before it dueling charges that opposing counsel are lying, without
2  compelling evidentiary support for the contrary factual representations.
3      The Court declines to weigh into this factual dispute between counsel. As the movant, Plaintiff
4  bears the threshold burden of submitting competent evidence establishing that a sufficient meet and
5  confer was conducted. To that end, the local rules specifically require the filing of a "declaration" by
6  counsel detailing the meet-and-confer process. Local Rule 26-7(c) (the movant must "include[] a
7  declaration setting forth the details and results of the meet-and-confer conference"); *see also* Local Rule
8  IA 1-3(f)(2) (the movant must "submit a declaration stating all meet-and-confer efforts"). Federal statute
9  outlines the requirements for submitting declarations in relation to federal litigation, and requires the
10 attestation that the declaration is submitted under penalty of perjury. *See* 28 U.S.C. § 1746. In this
11 instance, the certification submitted by counsel does not contain such an attestation nor is it otherwise
12 substantially similar in form to the governing statute. *See* Docket No. 29. Especially given the contested
13 nature of the factual assertions made therein, the Court concludes that the absence of a proper
14 declaration in support of the motion to compel requires that it be denied.
15     For the reasons discussed more fully above, the motion to compel is **DENIED** without prejudice.
16 Plaintiff may renew that motion if a further meet-and-confer is conducted[2] and the renewed motion
17 otherwise comports with all applicable rules. The Court also cautions Plaintiff's counsel that he must
18 ensure that he is citing and quoting from the currently operative rules in any renewed motion.
19     IT IS SO ORDERED.
20     DATED: July 18, 2016

_____
NANCY J. KOPPE
United States Magistrate Judge

---

[2] In addition to the issues outlined herein, it appears a further meet-and-confer may prove helpful given that it appears additional discovery has been obtained since the motion to compel was filed.